**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SEAON J CLARKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:25-cv-300-TFM-N** |
| | ) | |
| **HOME 2 SUITES HILTON MOBILE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 17, 2026, the Magistrate Judge entered a report and recommendation which recommends this action be remanded to the Circuit Court of Mobile County, Alabama and that the Motion to Strike Defendant's Late Answer and Entry of Default (Doc. 13) and the Motion to Set Aside Entry of Default, or in the Alternative to File an Out of Time Answer (Doc. 16) be denied without prejudice. *See* Doc. 24. No objections were filed and the time frame has passed.

The Court makes one modification to the analysis contained in the conclusion of the Report and Recommendation.[1] The Magistrate Judge recommends that the Plaintiff's "Motion to Strike Defendant's Late Answer and for Entry of Default" (Doc. 13) and Home2's "Motion to Set Aside Entry of Default or, in the Alternative, Leave to File an Out-of-Time Answer" (Doc. 16) are due to be denied without prejudice. *See* Doc. 24 at 16. Any issues as to the timeliness of Defendant's answer are substantive rulings must be left for the state court to resolve because if the Court lacks jurisdiction over the case, then it lacks jurisdiction to rule on any substantive issues (even if the

[1] If no timely objections are filed, the Court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted)).

ruling is without prejudice). *See, e.g., Thomas v. Healthplan Servs., Inc.*, 74 F. Supp. 2d 1196, 1198 (M.D. Fla. 1999) ("A federal court lacking subject matter jurisdiction over a removed case must remand it and has no jurisdiction to rule on other pending motions."). Accordingly, the Court declines to adopt the recommendation ruling on the timeliness of the answer and instead sends those motions back to the state court for review and disposition as appropriate.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as it relates to the question of jurisdiction and the Motion to Remand (Doc. 15) is **GRANTED**. The Court **DECLINES** to adopt the recommendation as to ruling on the additional motions and instead those are carried with the remand for resolution by the state court.

The Clerk of Court is **DIRECTED** to effectuate the remand of this case to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this 22nd day of September, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE